FILED

2010 Jan-11  PM 04:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| FRED IVY, individually, and as the | ] | |
| personal representative of the | ] | |
| Estate of Pansy Ivy, deceased; and | ] | |
| KEVIN HASH, individually, | ] | |
| | ] | |
| Plaintiffs, | ] | |
| | ] | |
| vs. | ] | 7:09-CV-01675-LSC |
| | ] | |
| THOR INDUSTRIES, INC, et al., | ] | |
| | ] | |
| Defendants. | ] | |

MEMORANDUM OF OPINION

I.   Introduction.

Plaintiffs Fred Ivy and Kevin Hash ("Plaintiffs"), residents of
Mississippi, filed suit against a number of parties in the Circuit Court of
Greene County, Alabama, on April 24, 2009, for claims arising from a fatal
automobile accident occurring in Greene County, Alabama, in 2007.
Plaintiff Ivy is suing in his individual capacity as well as the personal
representative of his deceased wife, Pansy Ivy.  The Defendants in this
matter are as follows:  Thor Industries, Inc., a Delaware corporation having

its principal place of business in Ohio; Dutchman Manufacturing, Inc., a Delaware corporation having its principal place of business in Indiana; Emerald Coast RV Center, Inc., a Florida corporation having its principal place of business in Florida; Camping World, Inc., a Kentucky Corporation having its principal place of business in Kentucky; Tom Hill, a resident of Alabama; and any number of unknown corporations and individuals who may be liable to the plaintiffs.  (Doc. 1.)

Defendants removed this action to this Court on August 21, 2009, averring federal jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship).   Defendants claim that Hill was fraudulently joined to this matter and that his Alabama citizenship should be disregarded for purposes of removal.   On September 15, 2009, Plaintiffs filed a motion to remand arguing that removal was not timely and that Hill was not fraudulently joined. (Doc. 4.)  The issues raised in this motion have been fully briefed. Upon due consideration, the Court finds that this matter is due to be remanded.

II.     Background.[1]

According to their complaint, Plaintiffs purchased a 2006 Dutchman Camper from the Defendants.  On April 27, 2007, Plaintiffs and Pansy Ivy were traveling in Greene County, Alabama when the camper began to sway, causing the Plaintiffs' vehicle to go out of control and overturn.  Plaintiffs were injured and Pansy Ivy was killed.  Plaintiffs have filed suit against the Defendants for Negligence and/or Wantonness, Negligence per se for failure to make certain disclosures, Breach of Warranty, and Loss of Consortium. Plaintiffs seek compensatory and punitive damages.

III.   Analysis.

The crux of Plaintiffs' motion is that Defendants' removal was untimely and that Defendant Hill was not fraudulently joined, thus destroying diversity.  "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  For removal to be proper, the court must have subject-matter jurisdiction in the case.

---

[1]  The facts recited in this opinion are, unless otherwise indicated, taken from the allegations contained in the Plaintiff's complaint.

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party bears the burden of establishing subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the defendant bears the burden of proving subject-matter jurisdiction in removed actions).

A. Fraudulent Joinder of Hill.

Before this Court can exercise diversity jurisdiction, complete diversity of citizenship must exist. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Furthermore, in order for an action to be removed, no defendant may be a citizen "of the State in which such action is brought." 28 U.S.C. § 1441(b). Plaintiffs in this matter are residents of Mississippi but have sued Hill in Alabama, his home state. At first glance then, this action would appear to be non-removable.

The removing parties argue, however, that Hill has been fraudulently joined to this action and his citizenship should be disregarded.

This Court is free to disregard the citizenship of any defendant it determines has been fraudulently joined. *Triggs*, 154 F.3d at 1287 (11th Cir. 1998). In *Triggs*, the Eleventh Circuit Court of Appeals described three situations when a defendant can be considered to have been fraudulently joined:

> Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker,* 709 F.2d at 1440. In *Tapscott*, 77 F.3d at 1355 (11th Cir. 1996), a third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Id*.

The burden on the removing party to prove fraudulent joinder is a

"heavy one." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *see also, De Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

In order to overcome fraudulent joinder, Plaintiffs must show a viable claim.  However, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Triggs*, 154 F.3d at 1287 (internal citations omitted).   When assessing possibility, the Eleventh Circuit colorfully stated, "In considering *possible* state law claims, possible must mean more than such a possibility that a designated residence can be hit by a meteor tonight.  That is possible.  Surely, as in other instances, reason and common sense have some role."  *Legg*, 428 F.3d at 1325 n.5 (internal citations omitted).  In other words, a plaintiff must show that the potential for legal liability is "reasonable" and "not merely theoretical." *Id.* (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 1992)).

In assessing a fraudulent joinder objection, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and

resolve any uncertainties about the applicable law in the plaintiff's favor."
*De Perez,* 139 F.3d at 1380.  The "determination of whether a resident has
been fraudulently joined must be based upon the plaintiff's pleadings at the
time of removal, *supplemented by any affidavits and deposition transcripts
submitted by the parties*."  *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir.
2005) (emphasis in original) (quoting *De Perez*, 139 F.3d at 1380).  "The
proceeding appropriate for resolving a claim of fraudulent joinder is similar
to that used for ruling on a motion for summary judgment under Fed. R. Civ.
P. 56(b)."  *Id*. at 1322-23 (internal citations omitted).

Even though factual considerations are resolved in favor of the
plaintiff, "there must be some question of fact before the district court can
resolve that fact in the plaintiff's favor."  *Id*. at 1323.  In other words, if the
defendant offers sworn statements supporting the allegation of fraudulent
joinder, the plaintiff must present evidence to dispute the assertions in the
affidavits or other evidence.  *Id*.  When evidence submitted by the
defendant is undisputed, "the court cannot then resolve the facts in the
Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs'
complaint."  *Id*.  The Court simply cannot, "*in the absence of any proof,*

*assume that the nonmoving party could or would prove the necessary facts*."  *Id.* (quoting *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000) (emphasis in original)(internal citations omitted)).

In their initial complaint, the Plaintiffs allege two counts against Hill. In Count Three, Plaintiffs maintain that their injuries were proximately caused by Defendants Emerald Coast, Camping World, and Hill's negligence and/or wantonness in "assembling, supplying, marketing, selling, instructing, and failing to provide adequate warnings" for the trailer in question.  (Doc. 1 at 35.)  In Count Four, Plaintiffs accuse the same defendants of "acts...and/or omissions," that were the proximate cause of Plaintiffs' injuries.  *Id.*  Specifically, Plaintiffs allege that Hill gave assurances to Plaintiffs of the suitability of the trailer in question and delivered that trailer to Plaintiffs, leaving them to attach it with no assistance.  *See id.* at ¶¶16, 17, 25, and 26.  The Court will look to the claims under Count Three first.

None of the parties have supplemented the pleadings with affidavits or transcripts as in *Legg*.  428 F.3d at1322.  Therefore, the Court turns to the pleadings to determine whether removal was proper.  In order to

recover under a negligence claim, the plaintiff bears the burden of proving (1) the existence of a duty owed by the defendant, (2) a breach of that duty, (3) proximate causation between the defendant's conduct and plaintiff's injury, and (4) damage or injury. *See S.B. v. Saint James Sch.*, 959 So. 2d 72, 97 (Ala. 2006).

Defendants claim that, as to the pleadings, the factual allegations are "entirely vague." (Doc. 1 at 7.) They further state that "Plaintiffs have not alleged any facts establishing that Hill owed a legal duty under the circumstances to provide such assistance, that Plaintiffs needed his assistance or even that Plaintiffs sought his assistance, or that his failure to provide assistance was the proximate cause of their injuries." (Doc. 1 at 10.) Taking the facts and law in the light most favorable to Plaintiffs, however, it is evident to this Court that Plaintiffs may be able to show that Hill, the salesman Plaintiffs allege "consummated the sale of the subject camper trailer," had a duty to assist Plaintiffs in properly attaching the trailer to their vehicle and that his failure to do so proximately caused the accident in question. (Doc. 1 at 32.) It is incumbent upon Defendants to show otherwise in order to meet the heavy burden necessary to prevent

remand and dismiss Hill from this action.  While Defendants have directly addressed allegations related to fraudulent misrepresentation and the Alabama Extended Manufacturer's Liability Doctrine, they have not shown how Plaintiffs' negligence claim is not a viable cause of action.  As such, Defendants have not met the standard necessary to show that Hill was fraudulently joined as to the negligence claim.[2]

   B.  Timeliness of Removal.

   If the jurisdictional requirements of removal are met, Section 1446 provides for the process of removal.  A notice of removal must be "filed within thirty days" of the defendant receiving the initial pleading or "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446.  While the timing requirement is not jurisdictional, the narrow construal of the removal statutes has led to strict application of the thirty day limitation.  *See, e.g., Webster v. Dow United Tech. Composite Prod.*, 925 F. Supp. 727, 729 (M.D. Ala. 1996) (citing to a

---

[2] The Court takes no position on any other claims against Hill.

number of cases employing a strict application of the timing requirements of the removal statutes).

In the instant action, Defendants removed this matter fifty-three days after they were served with Plaintiffs' complaint on or around June 30, 2009.   Defendants argue, however, that this matter was not properly removable under the Eleventh Circuit's standard annunciated in *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007), until Defendants received a $2 million settlement demand letter on July 28, 2009.  On August 23, 2009, less then thirty days after receiving that letter, Defendants removed this action.  Upon reviewing the pleadings, it is apparent to this Court that the removability of this matter was readily deducible from the face of the pleadings and that Defendants' removal is therefore untimely.

In *Lowery,* the Eleventh Circuit attempted to clarify when the jurisdictional amount was met with sufficient certainty to permit removal. It began by noting the standard in place, namely, "[I]n the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Id.* at 1208 (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57

(11th Cir. 2000)).  The court then engaged in an extended discussion of the difficulty in making this determination, stating, "[W]here damages are unspecified and only the bare pleadings are available — we are at a loss as to how to apply the preponderance burden meaningfully...[A]ny attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon." *Id.* at 1210-11.  *Lowery's* guidance to the lower courts who are tasked with attempting to apply the preponderance test was to look to the removal documents.  "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.  If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." *Id.* at 1211.

To sum up, apparently the Eleventh Circuit has determined that the preponderance of the evidence test is difficult, if not impossible to apply, but nevertheless maintains it as the removal standard, since "our precedent compels us to continue forcing this square peg into a round hole." *Id.*  As such, the district courts, in attempting to ascertain whether the

requirements for removal have been met, are admonished from "speculating" on the jurisdictional amount, but nevertheless are required to review the pleadings for the presence of a "readily deducible" jurisdictional amount.  Speculation is not allowed; deduction is required.

Not surprisingly, the district courts have split over how to apply the guidance given by the court in *Lowery*.  For instance, in *Thibodeaux v. Paccar, Inc.*, Judge Fuller remanded an action for wrongful death, finding that the nature of the claim alone was not sufficient to meet the preponderance of the evidence test.  592 F. Supp. 2d 1377, 1380-81 (M.D. Ala. 2009).[3]  Judge Thompson, in *Roe v. Michelin North America, Inc.*, came to precisely the opposite conclusion, writing, "Nothing in *Lowery* says a district court must suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount."  637 F. Supp. 2d 995, 999 (M.D. Ala. 2009).  The court went on to state that it could not "imag[ine] a plaintiff's lawyer saying

---

[3] Judge Fuller noted that the measure of damages in an Alabama wrongful death claim are tied to the wrongdoing of the defendant.  He extrapolated from this point that the court could make no meaningful determination of damages from the pleadings as the defendant's culpability had yet to be determined.  *Id.*

with a straight face that this wrongful-death case should be valued at no more than $ 75,000. Such a representation would fail the so-called 'laugh test.'" *Id.*[4]

Of course, the present case brings to light yet another level of confusion — that of defense attorneys attempting to determine the removability of a case under the *Lowery* standard while not frivolously seeking such removal.  Unlike in the majority of cases dealing with removal, this is not an instance where the plaintiff seeks remand on the grounds that its complaint cleverly did not include a specific request for damages and therefore the jurisdictional amount was not proven.[5]  Rather, Plaintiffs argue that it was clear from the pleadings that the jurisdictional amount is

---

[4] Judge Thompson also noted that, even if the *Lowery* case generally precludes removal where damages are not expressly stated, there may exist reason for an exception for wrongful death cases in Alabama.  "Alabama is the only State that allows only discretionary punitive damages in wrongful-death cases," the court wrote.  "As a result, wrongful-death damages will seldom, if ever, be reduced to dollar figures as a formal part of the litigation except in final settlement or at trial, with the result that Alabama's wrongful-death cases (unlike Georgia's and Florida's) will seldom, if ever, be removable to federal court...Surely, unless clearly and absolutely required by law, *Lowery* should not be interpreted to foreclose, essentially singularly and categorically, the removal of Alabama wrongful-death cases within the Eleventh Circuit."  *Id.* at 999-1000

[5] The Court has no doubt that, had this removal been timely, the Plaintiff would have made this very argument.

met.  Given the language of *Lowery* and the claims made in Plaintiffs'
complaint, it is evident that Defendants were on notice that the
jurisdictional amount had been met and that removal was untimely.

     *Lowery* establishes two instances in which the jurisdictional amount
has been reached.  First, "if the jurisdictional amount is . . . stated clearly
on the face of the document before the court," the court has jurisdiction.
*Lowery,* 483 F.3d at 1211.  Secondly, if the jurisdictional amount is "readily
deducible from [the pleadings]," the court has jurisdiction.  *Id.*  In order to
give *Lowery* full effect, it therefore seems as though it cannot be the case
that a matter is only removable if the amount in controversy is explicitly
stated.  In such a case, no deduction is necessary as the amount is clearly
stated.  "Readily deducible" must mean then, as Judge Thompson found in
*Roe*, that the parties and the court are required to use good common sense
to determine if the allegations made in the complaint plainly put the
amount in controversy in excess of $75,000.

     In the present case, the court is faced with a wrongful death claim in
which Plaintiffs maintain that the negligence or wantonness of Defendants
resulted in the death of a mother and grandmother, Pansy Ivy.  Under

Alabama law, the amount of eventual recovery available will depend on the culpability of Defendants.  But such is always the case.  For example, if this case were one of ten counts of breach of contract, each for a value of $10,000, no one would argue that this court lacked jurisdiction even though the final determination might render damages of $100,000, $0, or any sum in between.  It is for this reason that jurisdiction is based on the amount *in controversy*, not the eventual liability.  There is no doubt in the minds of any party in this matter—neither Plaintiffs, Defendants,[6] nor the Court—that the amount in controversy exceeds $75,000.  Therefore, as the amount in controversy is readily deducible from the face of the complaint as in excess of $75,000, Defendants' removal was untimely and this matter is due to be remanded.[7]

---

[6] The Defendants note in their petition for removal that "[t]hese type of claims routinely exceed the federal court jurisdictional amount in controversy of $75,000 by many times" and "prior experience of similar cases in Alabama plainly demonstrates that the amount in controversy in this case far exceeds this Court's jurisdictional prerequisite." (Doc. 1 at 5 n.1.)  While *Lowery* forbids looking to other specific jury verdicts to determine the jurisdictional amount, it does not command this Court, or the Defendants, to turn a blind eye to judicial reality. *Lowery*, 482 F.3d at 1220-21.

[7] In reaching this conclusion, the Court does not cast aspersions on the Defendants who no doubt did their best to conform to a nebulous and difficult standard.

IV.     Conclusion.

For the reasons herein stated, this Court grants Plaintiffs' motion. This matter will be remanded to the Circuit Court of Greene County, Alabama whence it came.  A separate order consistent with this Opinion is issued herewith.

Done this <u>11th</u> day of <u>January 2010</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

**153671**
